ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona
MICHAEL JETTE
Assistant U.S. Attorney
Arizona State Bar #021843
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: Michael.jette@usdoj.gov
Attorneys for Plaintiff



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR 17-00932-TUC-~~JAS~~ (DTF) |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| Douglas E. Annino | Fast Track U.S.S.G. § 5K3.1 |
| Defendant. | |

The parties enter into the following agreement:

1. Defendant will enter a plea to Count 1 of the Information, Aiding and Abetting Aliens to Elude Examination and Inspection by Immigration Officers of the United States, a misdemeanor offense, in violation of 8 U.S.C. § 1325, 18 U.S.C. § 2.

2. The government will dismiss the Indictment charging the defendant with Conspiracy to Commit Offense or to Defraud United States, a felony, in violation of 18, United States Code, Section 317 *and* Bringing in of an Illegal Alien for Purpose of Commercial Advantage or Private Financial Gain, a felony, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii). The government will dismiss this charge at the time of sentencing.

3. The elements of Aiding and Abetting Aliens to Elude Examination and Inspection by Immigration Officers of the United States are as follows:

   a. The defendant ~~did transport~~ *allowed into the US an* aliens that she knew to be in the United States illegally;  @12-3-18

  b. The defendant did so to aid and abet the aliens' presence in the United States;

  c. The defendant did so to assist the aliens in eluding examination and inspection by Immigration Officials of the United States.

4. The maximum penalty for the offense to which the defendant is pleading guilty is six (6) months in custody, a $5,000 fine, and a $10 special assessment.

5. **Pursuant to this plea agreement and Fed. R. Crim. P.11(c)(1)(C), the government and the defendant stipulate to no jail time.**

6. **As a condition of this plea, the defendant agrees to immediately resign from Customs and Border Protection, and agrees not to seek future employment with any federal agency with border security responsibilities throughout the term of probation.**

7. The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences may be the subject of a separate judicial or administrative proceeding, and the defendant has discussed the direct and collateral implications this plea agreement may have with his or her defense attorney. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States.

8. Defendant waives: (1) any right to appeal the Court's entry of judgment against the defendant; (2) any right to appeal the imposition of sentence upon defendant under 18 U.S.C. § 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

9. <u>Factual Basis for Plea</u>:

On June 18, 2012, Alberto (deceased) met with CHS in Agua Prieta and they proceeded on foot to the DOU/POE. The CHS is an undocumented alien. Upon arrival, ALBERTO led the CHS into the pedestrian lane processing area. The CHS saw ALBERTO present his crossing documents to Defendant CBPO ANNINO for entry into the United States. After being waived into the United States, by Defendant CBPO ANNINO, the CHS presented his/her Mexican Passport to Defendant CBPO ANNINO. The passport lacked the proper documentation to allow the CHS legal entry into the United States (i.e. a U.S. Visa). Defendant CBPO ANNINO reviewed the document for several seconds, then ran the passport behind, not through, the document reader and admitted the CHS into the United States. *or did not respond to an invalid travel document notice.*

12/03/18
Date

Douglas E. Annino
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

12/3/18
Date

Joy Bertrand, Esq.
Attorney for Defendant

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

12-3-18
Date

*Mike Jette*
Assistant U.S. Attorney